IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

LIONEL JUBENAL VILLICANA,     §
                              §
           Movant,            §
                              §
VS.                           §     NO. 4:19-CV-868-A
                              §     (NO. 4:12-CR-158-A)
UNITED STATES OF AMERICA,     §
                              §
           Respondent.        §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lionel Jubenal
Villicana, movant, to vacate, set aside, or correct sentence
under 28 U.S.C. § 2255. The court, having considered the motion,
the government's response, the reply, the record in the
underlying criminal case, No. 4:12-CR-158-A, styled "United
States v. Lionel Jubenal Villicana," and applicable authorities,
finds that the motion must be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the
following:

On July 18, 2012, movant was named in a one-count indictment
charging him with possession with intent to distribute more than

50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).
CR Doc.[1] 11.

On August 31, 2012, movant appeared before the court with
the intent to enter a plea of guilty to the offense charged
without benefit of a plea agreement. CR Doc. 17. Movant and his
attorney signed a factual resume setting forth the elements of
the offense, the maximum penalty movant faced, and the stipulated
facts supporting movant's guilt. CR Doc. 18. Under oath, movant
stated that no one had made any promise or assurance of any kind
to induce him to plead guilty. Further, movant stated his
understanding that the guideline range was advisory and was one
of many sentencing factors the court could consider; that the
guideline range could not be calculated until the presentence
report ("PSR") was prepared; the court could impose a sentence
more severe than the sentence recommended by the advisory
guidelines and movant would be bound by his guilty plea; movant
was satisfied with his counsel and had no complaints regarding
his representation; and, movant and counsel had reviewed the
factual resume and movant understood the meaning of everything in
it and the stipulated facts were true.[2]

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
criminal case, No. 4:12-CR-158-A.

[2]The record does not reflect that a transcript of the rearraignment was prepared but the court
(continued...)

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 21, ¶ 65. He received two-level enhancements for possession of firearms, id. ¶ 66, maintaining a drug premises, id. ¶ 67, and importation from Mexico, id. ¶ 68. In addition, he received a four-level adjustment for his role as organizer or leader. Id. ¶ 70. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 74, 75. Based on a total offense level of 43 and a criminal history category of I, movant's guideline imprisonment range was life; however, the statutorily-authorized maximum sentence was 240 months, which became his guideline sentence. Id. ¶ 125. Movant filed objections and the probation officer prepared an addendum to the PSR. CR Doc. 23. The probation officer also prepared a second addendum to correct the guideline range for supervised release. CR Doc. 28.

On December 17, 2012, the court sentenced movant to a term of imprisonment of 156 months. CR Doc. 33. Movant appealed, CR Doc. 35, and his judgment was affirmed on appeal. United States v. Villicana, 539 F. App'x 524 (5th Cir. 2013). Movant did not file a petition for writ of certiorari.

---

[2](...continued)
follows the same practice in each case.

II.

## Ground of the Motion

Movant asserts one ground in support of his motion, worded as follows:

> GROUND ONE: THIS IS A CLAIM OF ACTUAL INNOCENCE BASED ON DAVIS 139 S.CT. 2319-2019. REQUESTING THIS HONORABLE COURT TO VACATE MY 924(C). 2 LEVEL INCREASE SENTENCE.

Doc.[3] 1 at PageID[4] 4.

III.

## Analysis

Movant did not file a petition for writ of certiorari; therefore, his judgment became final on December 4, 2014, when the ninety-day period for filing such a petition expired. Clay v. United States, 537 U.S. 522, 527 (2003). Movant had one year from that date in which to file a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f)(1). His motion, dated October 7, 2019, is untimely.

Movant argues that his motion should be considered timely based on United States v. Davis, 139 S. Ct. 2319 (2019). There, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. Movant, however, was not

---

[3]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the document are not the actual page numbers.

4

convicted under that provision. <u>Davis</u> does not apply to guideline enhancements and movant is not entitled to relief thereunder. <u>See</u> <u>United States v. London</u>, 937 F.3d 502, 507 (5th Cir. 2019). Further, the Supreme Court has established that a defendant cannot challenge his guideline calculation by arguing that the guideline applied is unconstitutionally vague. <u>Beckles v. Unites</u> <u>States</u>, 137 S. Ct. 886, 890 (2017).

IV.

## Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 3, 2019.

JOHN McBRYDE
United States District Judge